JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:10-cv-00727-JHN-OPx | Date | April 15, 2011 |
|---|---|---|---|
| Title | Teresa Collins v. American Heritage Life Insurance Company et al. | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:** ORDER REMANDING THE ACTION TO COUNTY OF RIVERSIDE SUPERIOR COURT (IN CHAMBERS)

The Court has reviewed the Notice of Removal filed by Defendant American Heritage Life Insurance Company ("Defendant"). (Docket No. 1.) After careful consideration of the record, the Court **REMANDS** the action to the **SUPERIOR COURT FOR THE COUNTY OF RIVERSIDE** for the reasons stated below.

## I. FACTUAL BACKGROUND

Plaintiff Teresa Collins ("Plaintiff"), a former employee of Riverside County, filed a claim for disability benefits against Defendant's Disability Income Policy ("the Policy"). (Compl. ¶ 7.) Plaintiff's treating physician, Dr. Sarah Chae, diagnosed that Plaintiff is suffering from "depression/anxiety." (Joint Rule 26(f) Report at 2.) Defendant denied Plaintiff's claim on the ground that the Policy does not provide for coverage for total disability due to or resulting from "mental illness without demonstrable organic disease." (*Id.* at 2.) Thereafter, Plaintiff sent an updated statement signed by Dr. Chae setting forth a diagnosis of "Fibromyalgia." (*Id.* at 3.) Defendant again denied Plaintiff's claim. (*Id.*) Following Defendant's denial of Plaintiff's request for reevaluation, Plaintiff filed the instant action in state court, alleging causes of action for: (1) breach of contract and (2) breach of the duty of good faith and fair dealing.

Plaintiff seeks reinstatement of her benefits, attorney's fees, and extra-contractual and punitive damages in an amount to be determined at trial. The Complaint is silent as to the amount of recovery Plaintiff is seeking. However, the Policy limits the benefit period to 12 months at a monthly benefit of $1,500—totaling $18,000. (Compl. ¶ 6.)

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:10-cv-00727-JHN-OPx | Date | April 15, 2011 |
|---|---|---|---|
| Title | Teresa Collins v. American Heritage Life Insurance Company et al. | | |

Defendant removed the action to this Court based on diversity jurisdiction. The issue presented is whether Defendant has satisfied the amount in controversy requirement. Defendant claims that it did and bases its conclusion on Plaintiff's prayer for damages, attorney's fees, and costs. (Notice of Removal ¶¶ 10-14.) The Court disagrees.

## II.  DISCUSSION

The defendant bears the burden of establishing the propriety of removal, including actually proving that the amount in controversy exceeds $75,000. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992). When the complaint is unclear as to the amount of damages that plaintiff seeks, the defendant must show by a preponderance of the evidence that the amount in controversy requirement is met. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860 (9th Cir. 1996).

When it is not "facially apparent" from the complaint that the claims likely exceed the required amount, the district court may consider facts set forth in the notice of removal and "summary judgment-type evidence" relevant to the amount in controversy. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995)). Conclusory allegations are insufficient to meet the burden; rather, defendant must state the underlying facts supporting its assertion that the amount in controversy is met. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (allegations on "information and belief" did not prove jurisdictional amount for purposes of removal jurisdiction). The strong presumption against removal jurisdiction necessarily means that federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F. 2d at 566.

Plaintiff claims benefits under the Policy, which limits her maximum recovery to $18,000. Defendant makes no attempt to explain, much less submitted "summary judgment-type evidence", to show that *in this case*, attorney's fees and other damages will likely cause the amount in controversy to exceed $75,000. Defendant's blanket assertion that the amount is likely to exceed $75,000 will not suffice. The Court will discuss below each category of damages sought by Plaintiff in addition to compensatory damages.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:10-cv-00727-JHN-OPx | Date | April 15, 2011 |
|---|---|---|---|
| Title | Teresa Collins v. American Heritage Life Insurance Company et al. | | |

## A. Attorney's Fees

Attorney's fees may be included in the jurisdictional amount if such recovery is allowed by contract or state. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150 (9th Cir. 1998). California allows recovery of attorney's fees in bad faith claims. *Essex Ins. Co. v. Five Star Dye House, Inc.*, 38 Cal. 4th 1252, 1255 (2006) ("[I]n a tort action against an insurance company for breach of the duty of good faith and fair dealing, an insured may recover as damages those attorney fees that are incurred in the same action and are attributable to the attorney's efforts to recover policy benefits that the insurer has wrongfully withheld.") Some courts include the calculation of attorney's fees incurred after the date of removal and other courts prohibit it.[1] The Court need not reach the issue here because Defendant did not provide any factual basis for determining how much attorney's fees have been incurred thus far and will be incurred in the future. (*See* Notice of Removal ¶ 13.) Thus, Defendant's inclusion of Plaintiff's attorney's fees is speculative, unsupported, and cannot be included in determining the amount in controversy.

## B. Punitive Damages

Punitive damages may be included in the amount in controversy if they are recoverable under the applicable law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). However, in the Notice of Removal, Defendant failed to point to specific factual allegations in the Complaint showing that punitive damages is likely to be awarded in this case. Therefore, Defendant's inclusion of punitive damages in the calculation of the jurisdictional amount is speculative and unsupported.

---

[1] *Compare Faulkner v. Astro-Med, Inc.*, 1999 U.S. Dist. LEXIS 15801, 1999 WL 820198 at *4 (N.D. Cal. Oct. 4, 1999) ("When estimating attorney's fees for the purposes of establishing jurisdiction, the only fees that can be considered are those incurred as of the date of removal."); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1200 (N.D. Cal. 1998) (declining to consider attorney's fees spent after the date of removal) *with Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (including "a reasonable estimate of attorneys fees likely to be expended" in calculating the amount in controversy); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) (same); *Burk v. Medical Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1068-1069 (D. Ariz. 2004).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:10-cv-00727-JHN-OPx | Date | April 15, 2011 |
|---|---|---|---|
| Title | Teresa Collins v. American Heritage Life Insurance Company et al. | | |

## C. Mental and Emotional Damages

Defendant cites to two cases for the general proposition that damages for emotional distress may be awarded in bad faith denial of disability benefits cases. (Notice of Removal ¶ 14, Exhibits A & B.) However, Defendant fails to point to specific factual allegations in the Complaint showing that emotional damages is likely to be recovered in this case or the amount likely to be recovered. Defendant has not provided any analysis to explain how this case is analogous to the authorities cited.

## D. Costs and Prejudgment Interest

Costs and prejudgment interest are expressly prohibited from inclusion in the amount in controversy requirement. 28 U.S.C. § 1332(a)(1).

## III. CONCLUSION

Defendant has failed to provide any evidence or basis for the Court to conclude that it is more likely than not that the amount in controversy in this case exceeds $75,000. In light of the "strong presumption against removal jurisdiction," *Gaus*, 980 F.2d at 556, the Court REMANDS the action to the COUNTY OF RIVERSIDE SUPERIOR COURT.

**IT IS SO ORDERED.**

| | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |